IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BILLY G. ASEMANI | : Civil Action No. RDB-06-568 |
| Petitioner | : |
| v. | : |
| ALI FALLAHIAN-KHUZESTANI, *et al.* | : |
| Respondents | : |

oo00oo

## MEMORANDUM OPINION

Pending is a *pro se* complaint brought pursuant to the Anti-Terrorism Act ("ATA"). The petition will be dismissed without prejudice.

I. Background

Plaintiff Billy G. Asemani, a native of Iran who lives in the United States, alleges that he was tortured by Ali Fallahian-Khuzestani, head of the Government of the Islamic Republic of Iran's Revolutionary Guard Corps and that his property was confiscated by Hojjatol-Islam Nayerri, Chief Judge of the Islamic Revolutionary Court.[1]  Plaintiff does not indicate the dates on which the alleged actions occurred or indicate the relief he is requesting.

II. Analysis

The Anti-Terrorism Act ("ATA"), codified at 18 U.S.C. § 2333, provides:

Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

---

[1] Plaintiff provides as his address the Clifton T. Perkins Hospital Center in Jessup, Maryland.

The ATA contains the following definitions:

> (1) the term "international terrorism" means activities that--
>   (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
>   (B) appear to be intended--
>     (i) to intimidate or coerce a civilian population;
>     (ii) to influence the policy of a government by intimidation or coercion; or
>     (iii) to affect the conduct of a government by assassination or kidnapping; and
>   (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.
> (2) the term "national of the United States" has the meaning given such term in section 101(a)(22) of the Immigration and Nationality Act.

18 U.S.C. §2331.

Further, the statute expressly states that "[n]o action shall be maintained under section 2333 of this title for injury or loss by reason of an act of war." 18 U.S.C. § 2336(a). An "act of war," in turn, "means any act occurring in the course of--(A) declared war; (B) armed conflict, whether or not war has been declared, between two or more nations; or (C) armed conflict between military forces of any origin." 18 U.S.C. §2331(4).

Federal district judges have discretion under 28 U.S.C. §1915 to screen cases filed by *pro se* plaintiffs. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under *Neitzke,* a complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact. *See Neitze,* 490 U.S. at 325. This complaint satisfies the standard for dismissal.

In this complaint, Plaintiff fails to demonstrate that he qualifies as a "national" of the United States as defined under the ATA and has standing to bring this action. As proof that he is a national of the United States, Plaintiff filed a copy of the decision in *Asemani v. The Islamic Republic of Iran,*

*et al.*, 266 F. Supp. 2d  24, 26 (2003).  In that opinion, the United States District Court for the District of Columbia explicitly denied Asemani's  motion for a judicial declaration of nationality. Instead, that district court determined Asemani a "national" only for the purpose of the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(7). *See id.* at 26.  Petitioner's subsequent efforts to obtain a judicial declaration of nationality for immigration purposes have been unsuccessful.  *See Asemani v. Attorney General of the United States, et al.,* 140 Fed. Appx. 368 (3rd Cir. 2005); *Asemani v. Chertoff,* Civil Action No. RDB-05-1773 (D. Md.  2005); *Asemani v. U.S. Bureau of Immigration and Customs Enforcement*, Civil Action No. RDB-05-987 (D. Md. 2005); *Asemani v. Rice*, 2005 WL 1903560 (D.D.C. 2005); *Asemani v. Ridge, et al.*, 2004 WL 2244542 (E.D. Pa. 2004); *Asemani v. Ridge, et al.*, 2004 WL 834729 (E.D. Pa. 2004).

Additionally, absent any indication of the time period during which the purported incidents occurred or other details, the Court is unable to determine whether this case may be brought pursuant to the ATA.  The complaint  neither alleges nor otherwise suggests that  the alleged actions of Defendants  were those of  "international terrorism" as opposed to "an act of war."

III. Conclusion

Review of the complaint shows Plaintiff lacks standing to bring this action. Accordingly, the complaint will be dismissed without prejudice by separate Order.


Dated:   March 13, 2006                                  /s/
                                                                    RICHARD D. BENNETT
                                                                  UNITED STATES DISTRICT JUDGE